**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DISH NETWORK, L.L.C.,
ECHOSTAR TECHNOLOGIES L.L.C.,
and NAGRASTAR LLC,

    Plaintiffs,

vs.                                            CASE NO. 3:11-cv-821-J-37TEM

ISRAEL VASQUEZ,

    Defendant.
_____

**O R D E R**

This case is before the Court *sua sponte*. Review of the instant case discloses that Defendant Israel Vasquez may be proceeding on a *pro se* basis in this action. Because Defendant Vasquez may proceed *pro se*, the Court will take the opportunity to inform Defendant of some, but not all, of the procedural rules with which he must comply. The Court reminds Defendant of these obligations because a *pro se* litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the Middle District of Florida.[1]  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

---

[1]The parties are hereby reminded that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Middle District of Florida.  The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and may be obtained from the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

All documents filed with the Court must be in the form of a pleading, *see* Fed. R. Civ. P. 7(a), or of a motion, *see* Fed. R. Civ. P. 7(b).  Each pleading, motion, notice, or other paper shall be presented in a separate document.

Defendant must timely respond to the motions filed by other parties in this case, for if he does not timely respond to such a motion, the Court may assume that Defendant does not oppose that motion and any relief requested therein.[2]  If a party has missed a filing deadline, the party must file motion seeking leave of Court to file the document out of time.  Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within 14 days after Defendant is served with that motion by his opponent and may not exceed 20 pages.

Defendant shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form.  In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure.  Any such correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned.

All documents filed with the Court must include a caption (the same as is set forth on Plaintiff's Complaint); a brief title which describes the nature of the document;

---

[2]Motions that Defendant must respond to include, but are not limited to, Motions to Compel Discovery under Fed. R. Civ. P. 37 and Motions for Summary Judgment under Fed. R. Civ. P. 56.

Defendant's name and signature; and a certificate of service.  These last two items are explained below.

All pleadings, motion, or other papers filed with the Court by Defendant must bear an original signature, or they will be rejected by the Court.  Among other things, such signature serves as Defendant's certification, pursuant to Fed. R. Civ. P. 11 (b),  that said document is not submitted for any improper purpose; that the claims or defenses presented therein are warranted by existing law; and that there exists reasonable factual support for allegations or assertions made therein. Defendant is advised to review and become familiar with Fed. R. Civ. P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of Defendant's case.

All pleadings, motions, or other papers filed with the Court by Defendant must also include a signed Certificate of Service.  Such is Defendant's certification that he has complied with the requirements of Fed. R. Civ. P. 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court.  At a minimum, a certificate of service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the court must be in the form of a motion.  If Defendant seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, Defendant must file a proper motion requesting

such, which motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure. Among other things, all motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested, *see* Local Rule 3.01(a), which the combined document of the motion and memorandum cannot exceed 25 pages in length. Further, Defendant is advised that prior to filing most motions, Local Rule 3.01(g) requires him to confer with opposing counsel. The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court, and that failure to comply with such requirements and rules can form the basis for denial of a motion.

Lastly, Defendant is reminded that, if he proceeds *pro se*, he is not relieved of all obligations that rest upon an attorney. There are still many requirements with which Defendant must still comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendant is warned that the failure to comply with these requirements and obligations can have significant consequences. For example, submission of a motion which does not meet the applicable requirements can result in denial of that motion; failure to timely conduct a case management conference and submit a case management report can result in dismissal of this case for lack of prosecution. Defendant is additionally directed to review Local Rule 3.05.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Defendant's duties and obligations in litigating this case.

Upon consideration of the foregoing, it is hereby **ORDERED** that Defendant shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the Middle District, and any applicable statutes and regulations.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of November, 2011.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to counsel of record
and *pro se* parties